UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOY LEE BARNHART,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY; HOMEWARD RESIDENTIAL f/k/a AMERICAN HOME MORTGAGE SERVICING, INC.; WELLS FARGO BANK, NA as Trustee for Soundview Home Loan Trust 2007-OPT1, Asset-Backed Certificates, Series 2007-OPT1 and Doe Defendants 1 – 20,<br><br>Defendants. | Case No.<br><br>**AMENDED** COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; VIOLATIONS OF THE CONSUMER PROTECTION ACT; BREACH OF DUTIES UNDER THE DEED OF TRUST ACT; INTENTIONAL AND/OR NEGLIGENT MISREPRESENTATION |

Plaintiff is amending her Complaint solely for the purpose of changing the caption to correctly identify one of the Defendants as "HOMEWARD RESIDENTIAL f/k/a AMERICAN HOME MORTGAGE SERVICING, INC." The caption originally ready "HOMESTEAD RESIDENTIAL f/k/a AMERICAN HOME MORTGAGE SERVICING, INC.". This Defendant was properly identified in the body of the Complaint.

## I. PARTIES

1.1     Plaintiff Joy Lee Barnhart is a resident of King County, Washington; however, she owns the real property in question that is the subject of this lawsuit and it is located in Spokane County, Washington. Ms. Barnhart pleads the following allegations and state that

AMENDED COMPLAINT  - 1

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

those allegations are true of her own knowledge, except as to matters stated on information and belief, and as to those matters, she believes them to be true.

    1.2    Ms. Barnhart is the owner of real property located at 5133 North Driscoll Boulevard, Spokane, Washington 99025 (hereinafter referred to as the "Property") and a foreclosure is scheduled to occur on February 22, 2013.

    1.3    Defendant FIDELITY NATIONAL TITLE INSURANCE COMPANY ("Fidelity") is a professional corporation which is not incorporated in the State of Washington. Defendant Fidelity is licensed with the Washington State Department of Insurance as a title insurance company. The address it lists with the Dept. of Insurance is located in Santa Barbara, California. The address used by Defendant Fidelity on the foreclosure documents at issue in this case listed an address for Defendant Fidelity in Rancho Cordova, California. There is no address listed in the State of Washington nor is there a Washington state telephone number listed on those documents. In spite of the fact that Defendant Fidelity has not complied with numerous provisions of the Washington Deed of Trust Act, it has noticed a foreclosure sale of the Property in Spokane County, Washington and is scheduled to complete that sale on February 22, 2013 unless this Court takes action.

    1.4    Defendant HOMEWARD RESIDENTIAL f/k/a AMERICAN HOME MORTGAGE SERVICING, INC. ("AHMSI") is a corporation registered in the State of Delaware, and whose registered agent in Washington is the Corporations Service Company of Tumwater, WA. Defendant AHMSI is and was a loan servicing company which services mortgage loans around the country and in Washington state, which are loans secured by real property in Washington state. Defendant AHMSI was the servicer of the Barnhart loan. Based upon information and belief, Ms. Barnhart maintain that it was never the holder of the

AMENDED COMPLAINT - 2

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

Promissory Note that they signed when they obtained the loan and has only ever been a loan servicer.

1.5     Defendant WELLS FARGO BANK, NA as Trustee for Soundview Home Loan Trust 2007-OPT1, Asset-Backed Certificates, Series 2007-OPT1 ("Wells Fargo Trust") is a securitized trust which purportedly owns the Note which is secured by the Property.  Ms. Barnhart does not concede that Defendant Wells Fargo is the owner of the loan, but rather report herein what has been asserted by the Defendants.

1.6     The true names and capacities of Does 1 through 20, inclusive, whether individual, corporate, partnership, associate or otherwise, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff alleges, based upon information and belief, that each Defendant is responsible in some manner for the events described herein and is liable to Plaintiff for the damages he has incurred.  Plaintiff will amend this Complaint to show the true names and capacities of the Doe Defendants when the same have been ascertained.

1.7     At all times mentioned herein, the Defendants, and each of them, were the agents, servants, representatives and/or employees of each of the remaining Defendants and were acting within the course and scope of such agency or employment.  The exact terms and conditions of the agency, representation or employment relationships are presently unknown to Plaintiffs, but when the information is ascertained, leave of court will be sought to insert the appropriate allegations.

## II. FACTUAL ALLEGATIONS

2.1     The Property was previously owned by Ms. Barnhart's mother, who resided there until she was forced to move to an assisted care facility.  Ms. Barnhart had a power of

AMENDED COMPLAINT   - 3

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

attorney for her mother and managed the Property and made mortgage payments for her since the subject loan was obtained in April 2000. The loan was obtained from First Franklin Financial Corporation, a subprime lender which no longer exists, having collapsed along with the mortgage market in 2008.

2.2     Once Ms. Barnhart's mother moved out and later died, she inherited the Property and has been renting it out. For some period of time, Ms. Barnhart did not have a renter in the Property and she fell behind in her mortgage payments in 2012. For the years prior, Ms. Barnhart had been making payments to Defendant AHMSI, who had sent out a notice early in 2012 indicating its name change. Ms. Barnhart never knew who the owner of the loan was during this time period.

2.3     When she obtained a new renter and otherwise was able financially to bring the loan current, she contacted the mortgage loan servicer, Defendant AHMSI seeking to obtain information about the "cure" amount so that she could reinstate the loan.  Ms. Barnhart had received a NOD dated July 31, 2012 from Defendant Fidelity indicating that the mortgage loan payments were delinquent from February 2012 to July 2012. The NOD indicates the delinquency for the five months totaling $3,368.79, late fees owed of $272.22, a trustee's fee of $202.50, $434.80 for a title insurance guarantee, a $75.00 fee for posting the NOD and certified mail fees of $50.00. While Ms. Barnhart maintains that some of these fees are inflated, such as the certified mail and posting fee, the larger issue came about when Ms. Barnhart tried to pay the default amount. According to the numbers in the NOD, as of July 31, 2012 the amount needed to cure was **$4,403.31**.

2.4     On August 24, 2012, Ms. Barnhart contacted Defendant AHMSI by telephone because she wanted to make arrangements to cure all of the arrears. When she spoke to the

AMENDED COMPLAINT  - 4

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

employees of Defendant AHMSI on that date, she was told that they needed a few days to calculate all of the arrears but that it would probably be around $7,000.00. Ms. Barnhart called back on August 29, 2012 and she was told that the amount needed to cure the default was **$9,369.27** – an increase of **$4,965.96** less than one month after the NOD was issued. She was advised during the telephone call that the monthly payments through September 2012 totaled **$4,475.27**, late fees of $272.32 (the same amount listed on the NOD), foreclosure costs of **$3,241.27** (an increase of **$3,038.77** from the NOD charges for the trustee) and another **$1,380.52** for "other" fees that MIGHT be for appraisals and property inspections. Ms. Barnhart wrote a letter to Defendant AHMSI contesting these amounts dated August 31, 2012 and demanding an accurate accounting. Ms. Barnhart also pointed that the amounts claiming to be owed were not correct and especially that the fees listed for "trustee fees" were wildly inflated given that the alleged trustee had only issued the NOD.

2.5     On or about September 10, 2012 Defendant AHMSI responded to Ms. Barnhart's letter contending that she was required to direct all communications about the pending foreclosure and amounts due to Defendant Fidelity at an address in Napa, California and with yet another California telephone number. The letter provided a great deal of irrelevant information and did not address Ms. Barnhart's specific assertions about the inaccuracy of the alleged amounts owed. It also directed any questions about the amounts being demanded to Defendant Fidelity. Defendant AHMSI did include another alleged reinstatement quote dated August 24, 2012. This quote includes a greater breakdown of the amounts being demanded, and it demonstrates quite clearly that Defendant AHMSI was trying to collect alleged "foreclosure costs" of $2,536.27, even though as of August 24, 2012 the only document that had been issued was an NOD.

AMENDED COMPLAINT  - 5

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

2.6     The payoff quote also included a charge of **$1,080.91** for alleged property preservation costs.  These costs are entirely fictitious.  For the short period of time in late 2011, the Property did not have a tenant because it was being repaired with assistance from Ms. Barnhart's property management company.  Ms. Barnhart was current on the loan at the time and thus there was no reason whatsoever for Defendant AHMSI to be sending anyone to the Property.  Nevertheless, on October 21, 2011, a Friday, Ms. Barnhart received a letter indicating that Defendant AHMSI wanted to winterize the Property. She tried to call their offices to advise that there was no need, but got voicemail.  On October 24, 2011, the following Monday, the property management company received a call from her neighbors at the Property to advise that someone had broken into the house and placed a lockbox on the Property. Eventually the property management company did provide a key to get the lockbox off the Property, but all of this was unnecessary and unreasonable, and it certainly did not cost more than $1,000.00.  The Property was being managed and repaired.  Further, these amounts were never listed on the NOD so that it was including information that was completely different than the amounts being demanded later.  Ms. Barnhart did not become delinquent until February 2012.  She tried to make two payments in July 2012, but those payments were returned.

2.8     On September 4, 2012 Ms. Barnhart called Defendant Fidelity at one of the California phone numbers about her dispute of the reinstatement figures provided by Defendant AHMSI and she was  told to send an email to Kathleen Gollob at Defendant Fidelity. She received a response on September 5, 2012 acknowledging receipt of her email and indicating that if she did not receive a further response, she should call Lisa Rohrback of Default Resolution Network, a subsidiary of Defendant Fidelity operating in California, making it clear that no one from Defendant Fidelity in Washington was working on the foreclosure or in

AMENDED COMPLAINT   - 6

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

possession of any meaningful information about the pending foreclosure. Ms. Barnhart tried calling the number provided to Ms. Rohrback but was referred to another department, where someone else told her that Defendant Fidelity could not provide a reinstatement quote and that she should contact Defendant AHMSI. Ms. Barnhart again called Defendant AHMSI and was told that she had been transferred to the Dispute Resolution Department at Defendant AHMSI. She left a message on some voicemail but was told that she could not have a direct telephone number to call back into the Dispute Resolution Department.

2.9    On September 6, 2012 Ms. Barnhart tried to obtain other contact information for persons at Defendant AHMSI for sending in a dispute. She sent faxes to Defendant AHMSI at numbers identified for servicing and "workout". Ms. Barnhart again called Defendant Fidelity asking for assistance in getting an accurate reinstatement quote and was advised by employees of Defendant Fidelity that they did not have the ability to obtain reinstatement amounts from Defendant AHMSI and that she must contact them.

2.10    Finally, on September 11, 2012 Ms. Barnhart received a call from someone at the Workout Department at Defendant AHMSI who had no idea about her previous calls and letters and told her that she did not have a valid reinstatement quote and it would take a few days to create one. She did not receive such a quote from this woman at Defendant AHMSI. In an effort at resolving the default, Ms. Barnhart sent in a certified check to Defendant Fidelity on October 15, 2012 in the amount of **$7,479.32.** While Ms. Barnhart still believed that this was not the accurate amount owed, but she was trying to avoid the looming foreclosure. On October 19, 2012 someone from Defendant Fidelity called Ms. Barnhart's phone and left a voicemail for her indicating that the cashier's check was going to be returned because it was not empowered by Defendant AHMSI to accept monies for the cure. The check was then

AMENDED COMPLAINT  - 7

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

returned to Ms. Barnhart by way of a letter dated October 23, 2012. The letter was mailed from Defendant Fidelity in Rancho Cordova, California. The letter indicated that the amount was insufficient to cure the arrears and she was instructed to contact either Defendant AHMSI or Fidelity to obtain a reinstatement quote.

2.11    On October 25, 2012, a Notice of Trustee's Sale ("NOTS") was mailed to Ms. Barnhart, according to the postmark on the envelope. That NOTS was signed on October 22, 2012 in Sacramento County, California by Megan Curtis, an "authorized signer" for Defendant Fidelity using an address and telephone number in California. The foreclosure sale date was set for February 22, 2013.

2.12    It is clear that Defendant AHMSI is intentionally falsely asserting "cure" amounts which include the total amount of the foreclosure fees, even though they had not yet been incurred. It is part of a larger pattern and practice by Defendant AHMSI, as it has recently done the same thing to other persons in Washington state. Layne and Elaine Gustafson, residents of Snohomish County, Washington, have filed a lawsuit making the same allegations against Defendant AHMSI for demanding the entire amount of foreclosure fees that will be incurred if the cure does not occur, long before those fees were incurred. The Gustafsons' also tried to pay the arrearages before the expiration of the time allowed under the Notice of Default and that amount was rejected and all of the future foreclosure fees added to the payoff amount, even though the additional charges had not yet been incurred.

2.13    A further demonstration of how little anyone involved in this foreclosure is aware of what was going on is that Ms. Barnhart just received in the mail from Defendant AHMSI a letter indicating that servicing of the loan is being transferred to Ocwen as of March 1, 2013 – after the presently scheduled foreclosure sale.

AMENDED COMPLAINT  - 8

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

### III.  CAUSES OF ACTION

First Cause of Action
For Temporary Restraining Order and Preliminary Injunction
As Against All Defendants

3.1     Plaintiff incorporates herein by reference as though fully set forth at length each and every allegation and statement contained in Paragraphs 1 through 2.13, inclusive, of the Factual Allegations.

3.2     By way of the filing of a separate motion, Plaintiff will move for issuance of a temporary restraining order and a preliminary injunction in order to prevent the completion of the eviction under the Writ of Restitution.

3.3     In order to obtain an injunction under the Deed of Trust Act, a plaintiff need only show that there is some reason that the sale should be enjoined.  The criteria for obtaining a temporary restraining order and a preliminary injunction as stated under CR 60, which would normally not apply in a foreclosure proceeding before the sale, would apply here since the sale has already occurred.

Second Cause of Action
Violation of the Consumer Protection Act
as Against All of the Defendants

3.4     Plaintiff incorporates herein by reference as though fully set forth at length each and every allegation and statement contained in Paragraphs 1 through 2.13, inclusive, of the Factual Allegations, and Paragraphs 3.1 through 3.3, inclusive, of Causes of Action above.

3.5     All of the Defendants have made numerous misrepresentations about the ownership of the Promissory Note and the "beneficiary" as defined by the Deed of Trust Act, as well as the identity of the owner of the beneficial interest in the Deed of Trust.  This information, described more particularly above, impacts the determination as to who has the

AMENDED COMPLAINT  - 9

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

legal right to foreclose on the Residence.  Plaintiff maintains, based upon information and belief, that these entities have repeatedly engaged in making such misrepresentations to other Washington homeowners and/or there is a substantial likelihood that they will do so in the future.

3.6   In addition, Defendant Fidelity has made misrepresentations regarding the legal basis for the foreclosure proceeding in its Notice of Trustee's Sale and the identity of the party who had the legal right to bring a non-judicial foreclosure proceeding to obtain title to the Residence under Washington state law.  More importantly, Defendant Fidelity has not been appointed as a trustee by the beneficiary and has actively engaged in making false representations about the loan and various parties' legal authorities.  Plaintiff maintains, based upon information and belief, that these entities have repeatedly engaged in making such misrepresentations to other Washington homeowners and/or there is a substantial likelihood that they will do so in the future. This assertion is based upon the number of foreclosures in Washington State in which these defendants are regularly engaged and in which these same defendants have made the same false assertions and/or similar false assertions involving other mortgage servicing entities.

3.7   Further, Defendant Fidelity has not complied with the requirements of and its duty of good faith to the Defendants AND to Plaintiff under the Deed of Trust Act by proceeding with a foreclosure sale which was initiated by an entity that did not have legal authority to do so – apparently Defendant AHMSI.

3.8   Plaintiff maintains, based upon information and belief, that Defendant Fidelity has been assisting the other Defendants in foreclosing in violation of the requirements of the Deed of Trust Act.  As stated by the Washington Supreme Court in Bain v. Metropolitan

AMENDED COMPLAINT  - 10

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

Mortgage Group, Inc., 175 Wash. 2d 83 (2012), because a beneficiary is defined as the "actual holder of the promissory note," the Assignment document upon which Defendant Fidelity relied in initiating the foreclosure against the Property was untruthful.  In spite of this knowledge, Defendant Fidelity proceeded with the foreclosure sale.

   3.9 All of the Defendants have engaged in a pattern of unfair and deceptive business practices in violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.*, as more particularly described above in this Cause of Action and in the Factual Statement.  All of these violations of the CPA by all of the corporate Defendants entitle Plaintiff to damages, treble damages and reasonable attorney fees and costs pursuant to the statute, as well as permanent injunctive relief to make certain that other Washington consumers are not similarly harmed by the actions of the corporate Defendants.

Third Cause of Action
Breach of the Duties under the Deed of Trust Act
as Against Defendant Fidelity

   3.10 Plaintiffs incorporate herein by reference as though fully set forth at length each and every allegation and statement contained in Paragraphs 1 through 2.13, inclusive, of the actual Allegations, and Paragraphs 3.1 through 3.9, inclusive, of Causes of Action above.

   3.11 Defendant Fidelity has clearly articulated duties under the Deed of Trust Act, RCW 61.24, *et seq.*, not the least of which is strict compliance with the terms of the statute.  In spite of its statutorily imposed duty to act in "good faith to the borrower, beneficiary, and grantor", RCW 61.24.010(4), Defendant Regional has not acted in good faith with regard to the initiation of the foreclosure proceedings regarding the Residence and making certain demands for payment.  Further, the statute makes clear that a trustee may be liable for its "failure to materially comply with the provisions of this chapter".  RCW 61.24.127(1)(c).

AMENDED COMPLAINT  - 11

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

3.12    Defendant Fidelity did not adhere to its duties of good faith to Plaintiffs and it has not materially complied with the provisions of the DTA.  The Notice of Trustee Sale documents did not include the identification of the actual "beneficiary" as evidenced by the information described above and the recorded Assignment, which has been recorded.  The DTA defines "beneficiary" for purposes of that Act as "holder of the instrument or document evidencing the obligations secured by the deed of trust, excluding persons holding the same as security for a different obligation." RCW 61.24.005(2). .

3.13    Further, based upon information and belief, Plaintiff asserts that Defendant Fidelity has not been appointed as the Successor Trustee by the Note Holder or "Beneficiary", as defined by the DTA as the alleged "beneficiary", according to the NOTS, is Defendant Wells Fargo Trust. Therefore, Defendant Fidelity is therefore not the Trustee and therefore did not have the legal authority to initiate the foreclosure sale of the Property.

3.14    In spite of the fact that Defendant Fidelity has not been appointed as the Successor Trustee by the Note Holder, it initiated a foreclosure action in its purported capacity as a Trustee by causing to be signed and served upon Ms. Barnhart a Notice of Default with incorrect information and illegal demands for payment that were unearned. Similarly, Defendant Fidelity issued the NOTS with this same information. Plaintiff maintains, based upon information and belief, that the only persons or entities from whom Defendant Fidelity have ever received instruction regarding the mortgage loan is Defendant AHMSI, and that it has not had a single communication in any form from an actual employee and/or officer of the Note Holder, advising it to initiate the foreclosure sale or perform any other task, nor has it received any instruction or direction from the actual Note Holder.

AMENDED COMPLAINT   - 12

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

3.15    In addition, Defendant Fidelity is not in compliance with the requirements for a foreclosing trustee in Washington state. It does not have an actual address and phone number in Washington state where a borrower may obtain information about the pending foreclosure sale, including current reinstatement information. In fact, Ms. Barnhart was repeatedly told by California employees of Defendant Fidelity that she could not obtain reinstatement information from their offices and that she was required to contact Defendant AHMSI.  Further, Defendant Fidelity did not investigate or otherwise take action to deal with Ms. Barnhart's complaints about the improper addition of fees to the alleged arrears at the time of the Notice of Default issuance.  Ms. Barnhart does not know precisely the involvement of Defendant Fidelity in Defendant AHMSI's business practice of trying to collect improper fees, but at this juncture, it must be assumed that it has some involvement with those actions since it refused to take any action to make certain that the alleged foreclosing entity was not asking for unconscionable fees in connection with a foreclosure that it was conducting.

Fourth Cause of Action
Intentional and/or Negligent Misrepresentations against
All of the Defendants

3.16    Plaintiff incorporates herein by reference as though fully set forth at length each and every allegation and statement contained in Paragraphs 1 through 2.13, inclusive, of the Factual Allegations, and Paragraphs 3.1 through 3.15, inclusive, of Causes of Action above.

3.17    Plaintiff maintains, as more particularly described above, that all of the Defendants have made numerous intentional and/or negligent misrepresentations regarding their various relationships Ms. Barnhart's mortgage loan.

3.18    These Defendants have intentionally misrepresented the identities of the true Note Holder and its ability to foreclose on the Property.

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

3.19    All of these Defendants have made numerous misrepresentations about the identity of the Note Holder, the identity of the foreclosing trustee and whether a foreclosure may be initiated at all yet.

## IV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. General damages in an amount to be determined at trial;

2. Treble damages for each and every violation of the Consumer Protection Act, plus attorney fees and costs;

3. Damages, including emotional distress, by the conduct of the Defendants in an amount to be fully proved at the time of trial;

4. Injunctive relief which may be available under the CPA against the Defendants prohibiting them from engaging in the prohibited acts in the future;

5. Injunctive relief by prohibiting the foreclosure of the Residence by any entity or person until further order of this Court;

6. The value of lost use of Plaintiff's monies, past and future, according to proof at time of trial; and

7. For such other and further relief as the Court deems equitable and just.

Dated this 8th day of March 2013.

                LAW OFFICES OF MELISSA A. HUELSMAN, P.S.

                 */s/ Melissa Huelsman*

                Melissa A. Huelsman, WSBA #30935
                Attorney for Plaintiffs

AMENDED COMPLAINT  - 14

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115