UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOY L. BARNHART,<br><br>                       Plaintiff,<br><br>   v.<br><br>FIDELITY NATIONAL TITLE INSURANCE CO., et al.,<br><br>                       Defendants. | NO: 13-CV-0090-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS TO CERTIFY QUESTIONS AND STAY PROCEEDINGS |

BEFORE THE COURT are the following motions: (1) Defendant Fidelity National Title Insurance Co.'s motion to dismiss (ECF No. 13); (2) a motion to dismiss filed by Defendants Homeward Residential and Wells Fargo Bank, NA, as Trustee for Soundview Home Loan Trust 2007-OPTI, Asset-Backed Certificate, Series 2007-OPTI (ECF No. 14); (3) Plaintiff's a motion to certify questions to the Washington Supreme Court (ECF No. 21); and (4) Plaintiff's motion to stay (ECF No. 20). These matters were submitted for consideration without oral argument.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

The Court has reviewed the briefing and the record and files herein, and is fully informed.

## BACKGROUND

This is a non-judicial foreclosure case that was removed to this Court following the issuance of a temporary restraining order by the Spokane County Superior Court. Plaintiff seeks continuing injunctive relief, as well as damages for alleged violations of the Washington Deed of Trust Act. Defendants have moved to dismiss Plaintiff's claims for lack of standing and for lack of a cognizable legal theory. For the reasons discussed below, the Court finds that Plaintiff has asserted cognizable claims, but that she lacks standing to pursue them.

## FACTS[1]

Plaintiff Joy Barnhart ("Plaintiff") is the current owner of a home located in Spokane, Washington. The home was originally purchased by Plaintiff's mother, Virginia Barnhart, on April 27, 2000. To finance the purchase, Plaintiff's mother borrowed $48,750 from a sub-prime lender, First Franklin Financial Corporation ("First Franklin"), which is no longer in business. As security for the transaction, Plaintiff's mother granted a deed of trust in favor of First Franklin. Plaintiff, who

---

[1] The following facts are drawn primarily from Plaintiff's Amended Complaint and are accepted as true for purposes of the instant motions.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 2

had power of attorney over her mother's affairs, began making payments on the loan on her mother's behalf. ECF No. 4 at ¶ 2.1.

Later the same year, title to the property was transferred to Plaintiff via a quitclaim deed. ECF No. 15 at 1; ECF No. 16 at 1. At some point thereafter, Plaintiff's mother moved out of the residence and into an elder care facility. Plaintiff, who lives on the opposite side of the state in King County, began renting the property and paying the mortgage with the rent proceeds.

At some point in 2011, Plaintiff's renters moved out. Plaintiff took the opportunity to make repairs to the property while it was unoccupied. Due to the temporary loss of rental income, however, Plaintiff fell behind on the mortgage payments. On April 29, 2010, Defendant Wells Fargo Bank, NA, as Trustee for Soundview Home Loan Trust 2007-OPTI, Asset-Backed Certificate, Series 2007-OPTI ("Wells Fargo"), appointed Defendant Fidelity National Title Insurance Co. ("Fidelity"), as successor trustee. Fidelity issued a notice of default to Plaintiff's mother on July 31, 2012, indicating that a payment of $4,403.31 was needed to cure the default.

Plaintiff contacted her loan servicer, Defendant Homeward Residential ("Homeward"), in late August, 2012, to make arrangements to cure the default. A Homeward representative informed Plaintiff that the new amount needed to cure the default was $9,369.27. Upon learning that she had been charged approximately

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 3

$4,500 in additional foreclosure-related costs, Plaintiff disputed the new charges in writing to both Homeward and Fidelity. Over the next several weeks, Plaintiff attempted unsuccessfully to resolve the dispute with both companies.

On October 15, 2012, Plaintiff mailed a check in the amount of $7,479.32 to Fidelity in an attempt to resolve the dispute and halt the foreclosure process. On October 19, 2012, Fidelity contacted Plaintiff and advised her that it would be returning the check because the amount tendered was insufficient to bring the loan current. On October 22, 2012, Fidelity recorded a notice of trustee's sale in the Spokane County Auditor's Office. The notice indicated that a trustee's sale would occur on February 22, 2012. Plaintiff received a copy of the notice, as well as her returned check, on October 25, 2012.

Plaintiff initiated the instant lawsuit in Spokane County Superior Court on February 15, 2013. That court subsequently issued a temporary restraining order enjoining Defendants from selling the property on February 20, 2013. Defendants removed the case to this Court on March 5, 2013. They now move to dismiss Plaintiff's claims for failure to state a claim.

## DISCUSSION

A motion to dismiss "tests the legal sufficiency of a [plaintiff's] claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action will not do." *Id.* at 555, 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff is not required to establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint must also contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. The court should generally draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 5

In ruling upon a motion to dismiss, a court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the party opposing the motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court may disregard allegations that are contradicted by matters properly subject to judicial notice or by exhibit. *Id.* The court may also disregard conclusory allegations and arguments which are not supported by reasonable deductions and inferences. *Id.*

**A. Motion to Certify Questions to the Washington Supreme Court**

The parties disagree about whether Washington recognizes a cause of action for "wrongful foreclosure" (*i.e.*, a claim for damages arising from violations of the DTA), in cases in which no foreclosure has actually occurred. Plaintiff has moved to certify this issue to the Washington Supreme Court, arguing, *inter alia*, that that Court's recent decision in *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wash.2d 83 (2012), opened the door to such claims. After the motion was fully briefed, the Washington Court of Appeals resolved this issue in Plaintiff's favor in *Walker v. Quality Loan Serv. Corp.*, --- Wash. App. ---, 2013 WL 3989666 (Div. 1, Aug. 5, 2013). There, the court held that "a borrower has an actionable claim against a trustee who, by acting without lawful authority or in material violation of the DTA, injures the borrower, *even if no foreclosure sale occurred*." *Walker*, --- Wash. App. ---, 2013 WL 3989666 at *6 (emphasis added). In so holding, the court

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 6

expressly rejected the opposing viewpoint expressed in cases such as *Vawter v. Quality Loan Service Corp. of Wash.*, 707 F. Supp. 2d 1115 (W.D. Wash. 2010), upon which Defendants heavily rely.  Given that this issue has now been decided in a published opinion by a Washington appellate court, the Court will deny the motion to certify as moot.

**B. Motion to Dismiss**

Plaintiff has asserted causes of action for (1) a temporary restraining order and preliminary injunction barring Defendants from foreclosing on her property; (2) violations of the Washington Consumer Protection Act ("CPA"), RCW Chapter 19.86; (3) violations of the Deed of Trust Act ("DTA"), RCW Chapter 61.24 by Defendant Fidelity; and (4) intentional and negligent misrepresentation.  Despite their various labels, each of these claims arises from alleged violations of the DTA. In the interest of efficiency, the Court will analyze these claims in two groups: (1) claims for temporary injunctive relief; and (2) claims for damages arising from violations of the DTA.

        1. <u>Claims for Temporary Injunctive Relief</u>

Defendants argue that Plaintiff's claims for temporary injunctive relief have been rendered moot by (1) the temporary restraining order issued by the Spokane County Superior Court prior to the removal of the case to this Court; and (2) the subsequent cancellation of the scheduled trustee's sale by Defendant Fidelity.  The

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 7

Court agrees. Defendant Fidelity abandoned its efforts to foreclose under the DTA after learning that the borrower, Plaintiff's mother, is deceased. ECF No. 17 at 8. It further concedes that any foreclosure against a deceased borrower must proceed judicially. ECF No. 17 at 8. In light of this concession, there is no need to enjoin Defendants from resuming non-judicial foreclosure proceedings. Accordingly, Plaintiff's claims for temporary injunctive relief are dismissed.

2. Claims for Damages Arising from Violations of the DTA

Defendants have raised two principal challenges to Plaintiff's claims under the DTA. First, Defendants assert that such claims are not cognizable where, as here, no foreclosure sale has occurred. As discussed above, the Washington Court of Appeals recently rejected this argument, holding that claims for damages are cognizable under RCW 61.24.127, regardless of whether a foreclosure sale has occurred. *Walker*, --- Wash. App. ---, 2013 WL 3989666 at *3 ("[A] cause of action for damages exist[s] based upon a trustee's [pre-foreclosure] failure to comply with the DTA, causing damage to the borrower."). Thus, under *Walker*, Plaintiff's claims for damages arising from violations of the DTA are viable.

Second, Defendants contend that Plaintiff lacks standing to pursue claims for damages under the DTA because she is not a party to the subject loan agreement. This argument is more persuasive. The purpose of the DTA is to protect borrowers from sharp practices at the hands of their lenders during non-judicial foreclosures.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 8

*See Walker*, --- Wash. App. ---, 2013 WL 3989666 at *3 ("The Washington Supreme Court 'has frequently emphasized that the deed of trust act must be construed in favor of borrowers because of the relative ease with which lenders can forfeit borrowers' interests and the lack of judicial oversight in conducting nonjudicial foreclosure sales.'") (quoting *Klem v. Wash. Mut. Bank*, 176 Wash.2d 771, 789 (2013)) (emphasis omitted). When a lender violates one of the DTA's various provisions, the borrower may sue to recover damages flowing from the violation:

> [I]n 2009[,] the legislature expressly recognized a cause of action for damages for failure to comply with the DTA. It did so by amending the DTA to include RCW 61.24.127, which provides that a borrower or grantor does not waive certain claims for damages by failing to bring a civil action to enjoin a foreclosure sale. . . . This provision preserves a cause of action existing at the time a sale could be restrained—in other words, a claim existing before a foreclosure sale. It reflects the legislature's understanding of existing law—that a cause of action existed based upon a trustee's presale failure to comply with the DTA, causing damage to the borrower.

*Id.* (citations omitted).

Notably, the class of persons entitled to bring claims for damages under RCW 61.24.127 is rather limited. Unlike claims for injunctive relief, which are available to "any person who has an interest in . . . the property or some part thereof," *see* RCW 61.24.130(1), claims for damages may only be pursued by persons with a *financial* stake in the loan transaction—*e.g.*, "the borrower or grantor." RCW 61.24.127(1); *see also* RCW 61.24.010(4) (party foreclosing on a

deed of trust owes a duty of good faith to the borrower, beneficiary, and grantor). In other words, claims for damages arising from violations of the DTA may only be pursued by persons whose interest in the property is actually being foreclosed upon. *See Ramirez-Melgoze v. Countrywide Home Loan Servicing, LP*, 2010 WL 4641948 at *6 (E.D. Wash. 2010) (unpublished) (holding that purchaser of a property under an unrecorded lease option to purchase contract lacked standing to pursue claims for damages under the DTA arising from allegedly improper foreclosure on original owner's deed of trust). All other parties are limited to equitable relief under the DTA.

Here, Plaintiff does not have any financial stake in the underlying loan transaction. As Defendants correctly note, it was Plaintiff's mother—rather than the Plaintiff herself—who executed the promissory note and the deed of trust. Plaintiff was not a party to the transaction; she did not borrow the money, she did not grant the security interest, and she did not guarantee the loan. In short, Plaintiff had no interest in the property. Although Plaintiff later obtained title to the property via a quitclaim deed, (*see* ECF No. 15 at 1), this transfer did not result in Plaintiff assuming the underlying debt obligation. Instead, Plaintiff took the property subject to the existing deed of trust, with the obligation to repay the loan remaining with her mother. Thus, Plaintiff is a "stranger" to the loan transaction and cannot be held personally liable for any amount owing on the note. By logical

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 10

extension, Plaintiff could not have sustained *monetary damages* as a result of Defendants' efforts to foreclose on the deed of trust.  Accordingly, Plaintiff lacks standing to assert claims for damages under RCW 61.24.127.  *Ramirez-Melgoze*, 2010 WL 4641948 at *6 (unpublished).  These claims must be pursued, if at all, by Plaintiff's mother's estate.  Defendants' motion to dismiss is granted.

**IT IS HEREBY ORDERED:**

1. Plaintiff's a motion to certify questions to the Washington Supreme Court (ECF No. 21) is **DENIED as moot**.

2. Plaintiff's motion to stay (ECF No. 20) is **DENIED**.

3. The motions to dismiss filed by Defendant Fidelity National Title Insurance Co. (ECF No. 13) and Defendants Homeward Residential and Wells Fargo Bank, NA as Trustee for Soundview Home Loan Trust 2007-OPTI, Asset-Backed Certificate, Series 2007-OPTI (ECF No. 14) are **GRANTED**.  All claims and causes of action in this matter are **DISMISSED** with prejudice.

The District Court Executive is hereby directed to enter this Order, provide copies to counsel, enter **JUDGMENT** for Defendants, and **CLOSE** the file.

**DATED** August 26, 2013.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 11