UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOY L. BARNHART,<br><br>                    Plaintiff,<br><br>       v.<br><br>FIDELITY NATIONAL TITLE INSURANCE CO., et al.,<br><br>                    Defendants. | NO: 13-CV-0090-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's Motion for Reconsideration (ECF No. 28). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

## BACKGROUND

Plaintiff has moved for reconsideration of the Court's August 26, 2013 Order granting Defendants' motions to dismiss for failure to state a claim. Plaintiff argues that the Court erred in dismissing her claims for monetary damages under

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

the Washington Deeds of Trust Act ("DTA") because she qualifies as both a "borrower" and a "grantor" within the meaning of RCW 61.24.005 and therefore has standing to pursue a claim for monetary damages under RCW 61.24.127. For the reasons discussed below, the Court will adhere to its initial ruling.

### DISCUSSION

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

As the Court previously explained in its Order granting Defendants' motion to dismiss, the outcome of this case hinges on one crucial fact: that Plaintiff is not a party to the subject loan agreement. ECF No. 26 at 10-11. Plaintiff did not sign the promissory note in her personal capacity. She did not personally guarantee the loan. She did not personally assume the debt after her mother passed away. And

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 2

1  while Plaintiff continued to pay the mortgage after her mother died, she was not
2  personally obligated to do so.

3  Plaintiff coyly argues that she "*may* be liable" under the note, but stops short
4  of claiming that she *is* personally liable.  ECF No. 28 at 8 (emphasis added).  The
5  fact of the matter is that Plaintiff is *not* personally liable, as she never assumed the
6  mortgage.  Thus, Plaintiff is not a "borrower" as that term is defined in the DTA.
7  *See* RCW 61.24.005(3) ("borrower" means a person "that is liable for all or part of
8  the obligations secured by the deed of trust . . . or the person's successors *if they*
9  *are liable for those obligations under a written agreement with the beneficiary*")
10 (emphasis added).

11 Nor is Plaintiff a "grantor" within the meaning of the DTA.  Under RCW
12 61.24.005(7), a grantor is "a person, or its successors, who executes a deed of trust
13 to encumber the person's interest in property as security for the performance of all
14 or part of the borrower's obligations."  Plaintiff argues that she qualifies as a
15 grantor because she is "the *successor* to her mother's interest."  ECF No. 28 at 6
16 (emphasis in original).  This argument confuses the concepts of "successor in title"
17 and "successor in liability."  As Judge Suko explained in *Ramirez-Melgoze*, only a
18 successor in *liability* can qualify as a "grantor" under the DTA:

19> [T]he definition of "successor" under RCW 61.24.005[(7)] is limited
> to the successor in liability on the loan because a deed of trust is
20> executed to serve as security for the performance of the borrower's
> obligations under the loan.  It would be illogical to extend the

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 3

definition of "successor" to a party which had no liability on the underlying obligation.

2010 WL 4641948 at *6 (E.D. Wash. 2010) (unpublished).  Although *Ramirez-Melgoze* is not binding authority, the Court finds its reasoning persuasive.  Because Plaintiff is not a successor in liability to the loan agreement, she does not qualify as a "grantor" under the DTA.

As the Court previously indicated, claims for monetary damages under the DTA are only available to persons with a financial stake in the underlying loan transaction: the "borrower" and the "grantor."  RCW 61.24.127(1).  Plaintiff is neither a borrower nor a grantor, and therefore lacks a cognizable claim for monetary damages.  Once again, any claim for monetary damages under RCW 61.24.127 must be pursued, if at all, by Plaintiff's mother's estate.

**IT IS HEREBY ORDERED:**

Plaintiff's Motion for Reconsideration (ECF No. 28) is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.  The file shall remain **CLOSED**.

**DATED** October 22, 2013.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 4