UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOY LEE BARNHART,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY; HOMEWARD RESIDENTIAL f/k/a AMERICAN HOME MORTGAGE SERVICING, INC.; WELLS FARGO BANK, NA as Trustee for Soundview Home Loan Trust 2007-OPT1, Asset-Backed Certificates, Series 2007-OPT1, and Doe Defendants 1-20,<br><br>Defendants. | No. 2:13-CV-0090-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant Fidelity National Title Insurance Company's Motion to Dismiss under FRCP 12(b)(6) (ECF No. 53). The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 53).

**BACKGROUND**[1]

Plaintiff Joy Barnhart is the current owner of a home located in Spokane, Washington. ECF No. 3 at ¶ 1.2. The home was originally purchased by Plaintiff's mother, Virginia Barnhart, who took out a loan from First Franklin Financial Corporation to finance the purchase and executed a deed of trust in the bank's favor as security for the debt. ECF No. 3 at ¶ 2.1; ECF No. 12 at 10.[2] Plaintiff, who had power of attorney over her mother's affairs, made payments on the loan on her mother's behalf since the purchase in April 2000. ECF No. 4 at ¶ 2.1. Later the same year, title to the property was transferred to Plaintiff via a quitclaim deed, and Plaintiff did not assume any obligations for the mortgage.

---

[1] A more detailed background is included with the first Order Granting Defendants' Motion to Dismiss (ECF No. 26). The following facts are drawn primarily from Plaintiff's Amended Complaint and are accepted as true for purposes of the instant motion.

[2] Defendant submitted the Deed of Trust as an exhibit, and this Court reviews the material without turning the Rule 12(b)(6) motion into a summary judgment motion because the complaint necessarily relies on the documents and authenticity is not contested. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

ECF No. 55 at 2.

After some time, Plaintiff failed to make mortgage payments on behalf of her mother. ECF No. 3 at ¶ 2.3. In turn, Fidelity National Title Insurance Co. ("Fidelity"), as the successor trustee,[3] issued a notice of default to Plaintiff's mother on July 31, 2012, indicating that a payment of $4,403.31 was needed to cure the default, which was later increased to $9,369.27. ECF No. 3 at ¶ 2.3-2.4. Plaintiff challenged the fees, arguing the fees were inflated and unreasonable. ECF No. 3 at ¶ 2.4. Material to this dispute, Plaintiff also alleges a host of technical violations of the Deed of Trust Act ("DTA") relating to the identity of the beneficiary of the deed of trust, the relevant notice of default, and the technical requirements for a trustee in Washington. ECF No. 3 at ¶¶ 3.11-3.15.

Plaintiff filed suit, asserting several causes of action, all of which were dismissed by this Court (ECF No. 26) on the grounds that Plaintiff is a "stranger" to the loan and thus had no standing to assert the claims. ECF No. 26 at 10-11. Plaintiff appealed. ECF No. 35. The Ninth Circuit affirmed this Court's ruling except for its dismissal of Plaintiff's Washington Consumer Protection Act ("CPA") claim. ECF No. 42. The Ninth Circuit did not address the merits of the

[3] Plaintiff disputes whether Fidelity has been appointed as the successor trustee, ECF No. 3 at ¶ 3.13, but this contention is not material for this Order.

CPA claim, but remanded because the claim "should be analyzed like any other CPA claim . . . [and] the court did not address [the] CPA claims independently of her DTA damages action." ECF No. 42 at 4. The Court will now address Plaintiff's CPA claim independently of the DTA action. As discussed below, Plaintiff does not have a viable CPA claim for the same reasons Plaintiff does not have standing to sue under the DTA.

## DISCUSSION

### A. Standard of Review

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a plaintiff must allege "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In this evaluation, the court should draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans & Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted). Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*,

901 F.2d 696, 699 (9th Cir. 1990), abrogated on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

**B. Consumer Protection Act Claim**

Pursuant to the Washington Consumer Protection Act, Revised Code of Washington 19.86.090 provides:

> Any person who is injured in his business or property by a violation of RCW 19.86.020 . . . may bring a civil action . . . to enjoin further violations, to recover . . . actual damages . . . together with the costs of the suit, including a reasonable attorney's fee, and the court may in its discretion . . . award . . . three times the actual damages . . . not [to] exceed ten thousand dollars ...

RCW 19.86.090; *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d at 778, 784 (1986). "[T]o prevail in a private CPA action . . . a plaintiff must establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables*, 105 Wash.2d at 780. Because Plaintiff cannot establish the fourth and fifth elements, Plaintiff cannot prevail in her CPA action.

The fourth element of a private CPA action requires a showing that plaintiff was injured in his or her "business or property". *Hangman Ridge Training Stables*, 105 Wash.2d at 792; *see Cooper's Mobile Homes, Inc. v. Simmons*, 94 Wash.2d 321, 327 (1980) (CPA plaintiffs must show that injury resulted from defendant's

acts); *see also Seattle Rendering Works, Inc. v. Darling-Delaware Co.*, 104 Wash.2d 15 (1985) (unless plaintiffs are injured, they cannot prevail under the CPA). "The injury involved need not be great, but it must be established." *Hangman Ridge Training Stables*, 105 Wash.2d at 792. Plaintiff asserts damages for emotional distress, ECF No. 3 at 14, but these are not injuries to "business or property" protected by the CPA. *Panag v. Farmers Ins. Co. of Washington*, 166 Wash.2d 27, 57 (2009) ("[D]amages for mental distress, embarrassment, and inconvenience are not recoverable under the CPA.") (citation omitted).

The fifth element is that of causation, which requires "[a] causal link . . . between the unfair or deceptive acts and the injury suffered by plaintiff." *Id.*

Plaintiff's allegations under the Consumer Protection Act cause of action are limited to specific complaints that, at best, resulted in injury to Plaintiff's mother's estate. *See* ECF No. 3 at ¶¶ 3.4-3.9. Plaintiff alleges Defendants have "made numerous misrepresentations" relating to the ownership of the Promissory Note and legal basis for the foreclosure proceedings, asserting Fidelity has not been appointed as a trustee by the beneficiary. ECF No. 3 at ¶¶ 3.5-3.6. As an alleged result, Fidelity has not complied with its alleged duty of good faith to Plaintiff because the foreclosure proceeding was allegedly initiated by an entity that did not have legal authority to do so. ECF No. 3 at ¶ 3.7. Last, Plaintiff alleges the

"Assignment document . . . relied in initiating the foreclosure was untruthful." ECF No. 3 at ¶ 3.8.

Essentially, Plaintiff's allegations are premised on DTA violations. *See* ECF Nos. 3 at ¶¶ 3.4-3.15; 55 at 16 (Plaintiff's heading stating "[Plaintiff] has properly pled claims for violations of the CPA predicated upon Fidelity's violations of the requirements of the DTA"). Counsel for Plaintiff apparently assumed such on appeal as the Ninth Circuit recognized Plaintiff's counsel believed by addressing the DTA claim it also addressed the CPA claims. ECF No. 42 at 4. Although a remedy under the CPA may lie for conduct that violates the DTA (but may not be separately actionable under the DTA), the Plaintiff here does not state a cognizable claim, and in the alternative has no standing to assert the claim. This is because Plaintiff is not the injured party as a "stranger" to the loan and subsequent foreclosure proceeding, and will incur no damages personally.[4] Thus, the CPA

---

[4] Notably, Plaintiff took title by a quitclaim deed. As such, any potential diminished recovery by Plaintiff of excess proceeds as a result of a foreclosure sale, for example, would be a consequence of taking title by a quit claim deed. It would not be an "injury" to Plaintiff as Plaintiff only received the rights her mother had, and she cannot assert her mother's rights in her own capacity. This is the bargain of the deal when receiving such a deed.

claim fails on the fourth and fifth factor because Plaintiff is not injured, so Defendants could not have caused an injury to Plaintiff. Her mother's estate could bring the claim, but Plaintiff does not bring the suit in her representative capacity.

As this Court noted in the initial Order Granting Defendant's Motion to Dismiss (ECF No. 26):

> Here, Plaintiff does not have any financial stake in the underlying loan transaction. As Defendants correctly note, it was Plaintiff's mother—rather than the Plaintiff herself—who executed the promissory note and the deed of trust. Plaintiff was not a party to the transaction; she did not borrow the money, she did not grant the security interest, and she did not guarantee the loan. In short, Plaintiff had no interest in the property. Although Plaintiff later obtained title to the property via a quitclaim deed, (see ECF No. 15 at 1), this transfer did not result in Plaintiff assuming the underlying debt obligation. Instead, Plaintiff took the property subject to the existing deed of trust, with the obligation to repay the loan remaining with her mother. Thus, Plaintiff is a "stranger" to the loan transaction and cannot be held personally liable for any amount owing on the note. By logical extension, Plaintiff could not have sustained monetary damages as a result of Defendants' efforts to foreclose on the deed of trust. Accordingly, Plaintiff lacks standing to assert claims for damages under RCW 61.24.127. *Ramirez-Melgoze*, 2010 WL 4641948 at *6 (unpublished). These claims must be pursued, if at all, by Plaintiff's mother's estate. Defendants' motion to dismiss is granted.

ECF No. 26 at 10-11. Plaintiff has incurred no cognizable damage personally, so Plaintiff's CPA claim must necessarily fail under the fourth and fifth element requiring damages to Plaintiff caused by Defendant.

Despite Plaintiff's contentions to the contrary, ECF No. 55 at 8-11, Plaintiff is not a grantor, successor, or borrower under the DTA, as Plaintiff is not liable for the underlying obligation and was not a party to the underlying deed of trust. *See, e.g., Ramirez-Melgoze v. Countrywide Home Loan Servicing LP*, 2010 WL 4641948, at *6 (E.D. Wash. Nov. 8, 2010) ("[T]he definition of 'successor' under R.C.W. 61.24.005(6) is limited to the successor in liability on the loan because a deed of trust is executed to serve as security for the performance of the borrower's obligations under the loan. It would be illogical to extend the definition of 'successor' to a party which had no liability on the underlying obligation. In limiting the definition of 'successor' to 'successors in liability,' the lender is protected from strangers to the loan."). Consequently, Plaintiff has no cognizable claim for Defendant's alleged acts involving the loan and subsequent foreclosure proceeding since she was a "stranger" to the loan and related mortgage.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Dismiss (ECF No. 53) is **GRANTED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** January 19, 2017.




Thomas O. Rice

THOMAS O. RICE
Chief United States District Judge